IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:10-CIV-22096-DLG-GRAHAM/TORRES

ITL INTERNATIONAL, INC., et al.,

        Plaintiffs,

v.

WALTON & POST, INC.,

        Defendant.

**PLAINTIFFS ITL INTERNATIONAL, INC., MARS, INCORPORATED, AND WM. WRIGLEY JR. COMPANY'S OPPOSITION TO WALTON AND POST, INC.'S MOTION FOR JUDICIAL NOTICE WITH INCORPORATED <u>MEMORANDUM OF LAW</u>**

Plaintiffs ITL International, Inc.; Mars, Incorporated; and Wm. Wrigley Jr. Company (collectively, "Mars"), hereby oppose Defendant Walton & Post, Inc.'s ("WPI") Motion for Judicial Notice (D.E. 16). Like its Motion to Dismiss the First Amended Complaint (D.E. 19), WPI's Motion for Judicial Notice is a further effort to confuse the issues by creating the appearance that Mars' claims will require this Court to apply foreign law and to review and intervene in foreign legal proceedings. The truth is much simpler: the only fact concerning the proceedings in the Dominican Republic that is relevant to Mars' claims here is the fact of their existence, as alleged in Mars' Amended Complaint. WPI's breaches of the Importer Agreement—a contract between U.S. corporations that is governed by Florida law—were complete when it sued Mars for compensation, when it refused to settle for the agreed-upon amount, and when it interfered with Mars' business in the Dominican Republic. The laws of the country where WPI's breaches occurred, the documents filed by the litigants in that country's

courts, and the decisions of those courts are simply not relevant to the issues before this court. Accordingly, this Court should deny WPI's motion for judicial notice. *See U.S. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008) (denying motion for judicial notice where facts to be noticed were irrelevant).

Furthermore, WPI's English translations of documents written in Spanish cannot be judicially noticed. Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Although there appears to be no authority specifically addressing the issue, the accuracy of a translation is inherently "subject to reasonable dispute." Thus, a translation of a public record, especially one that is not itself part of the public record, is not subject to judicial notice. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite.").

Finally, in the Eleventh Circuit, the scope of judicial notice of documents filed in another court is extremely limited. In *Jones*, the court held as follows:

> [A] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.

*Id.* (citations and internal quotation marks omitted). As the court explained:

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Moreover, to deprive a party of the

> right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.

*Id.* The court also held that judicial findings of fact are hearsay that do not qualify for any exception. *Id.* at 1554. Indeed, Plaintiffs object to WPI's evidentiary submission as attached to their Motion for Judicial Notice (D.E. 16) on grounds that it is hearsay evidence submitted for the truth of what is stated therein, and that judicial notice would not serve to overcome the hearsay objection any more than it would serve to domesticate any foreign proceedings. It is not necessary to set out grounds for or against hearsay objections in the context of WPI's judicial notice Motion because judicial notice does not deal with the truth of what is stated in WPI's evidence proffer.

These principles are now considered well-settled in the Eleventh Circuit and have been expressly applied to documents filed in foreign courts. *See, e.g.*, *United States v. $125,938.62*, 537 F.3d 1287, 1292 (11th Cir. 2008) ("[T]he Government concedes that [under *Jones*,] the factual findings in the Nicaraguan judgment were improperly admitted. The fact of [the defendant's] conviction and the sentence he received remain admissible . . . however, none of the relevant facts found in the judgment of conviction were admissible in the district court."); *Autonation, Inc. v. O'Brien*, 347 F. Supp. 2d 1299, 1310 (S.D. Fla. 2004) (citing *Jones* for the proposition that "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but to establish the fact of such litigation and related filings"). Applying these principles to the documents WPI seeks to have judicially noticed, it is apparent that this Court may take judicial notice of few facts that are not already alleged in the Amended Complaint, none of which are relevant to Mars' claims. Accordingly, even if this Court does judicially notice the Spanish-language Dominican court decisions supplied by WPI, it may do so only "for the limited purpose of recognizing the 'judicial act' that

the order represents or the subject matter of the litigation." *Jones*, 29 F.3d at 1553. WPI's extensive reliance on factual findings and other details of the Dominican court filings is misplaced and should be disregarded.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Judicial Notice.

Dated: August 23, 2010

                                                Respectfully submitted,

| | |
|---|---|
| Michael P. Socarras, Esq. | James M. Miller, Esq. |
| (admitted *pro hac vice*) | Alexandra M. Mora, Esq. |
| District of Columbia Bar No. 412187 | **AKERMAN SENTERFITT** |
| **McDERMOTT WILL & EMERY LLP** | One Southeast Third Avenue, 25th Floor |
| 600 Thirteenth Street, N.W. | Miami, FL 33130 |
| Washington, D.C. 20005 | Telephone: (305) 374-5600 |
| Telephone: (202 756-8000 | Facsimile: (305) 374-5095 |
| Facsimile: (202) 756-8087 | Email: james.miller@akerman.com |
| Email: msocarras@mwe.com | Email:alexandra.mora@akerman.com |

                                                *Attorneys for Plaintiffs*

                                                By:  s/ James M. Miller
                                                James M. Miller, Esq.
                                                Florida Bar No. 201308
                                                Alexandra M. Mora, Esq.
                                                Florida Bar No. 052368

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    s/ James M. Miller_____

    James M. Miller

## SERVICE LIST
### *ITL International, Inc., et. al. v. Walton & Post, Inc.*
### Case No. 1:10-cv-22096-DLG-GRAHAM/TORRES
### United States District Court, Southern District of Florida

| | |
|---|---|
| James M. Miller, Esquire<br>Alexandra M. Mora, Esquire<br>**AKERMAN SENTERFITT**<br>SunTrust International Center<br>One Southeast Third Avenue, 25th Floor<br>Miami, Florida  33131-1714<br>Telephone: (305) 374-5600<br>Facsimile:  (305) 374-5095<br>Email:  james.miller@akerman.com<br>Email:  alexandra.mora@akerman.com<br><br>Michael P. Socarras, Esquire<br>(admitted *pro hac vice*)<br>**McDERMOTT WILL & EMERY LLP**<br>600 Thirteenth Street, N.W.<br>Washington, D.C.  20005<br>Telephone: (202) 756-8000<br>Facsimile:  (202)  756-8087<br>Email: msocarras@mwe.com<br><br>*Attorneys for Plaintiffs* | Alvin B. Davis, Esquire<br>Pedro Martinez-Fraga, Esquire<br>Leah B. Storie, Esquire<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>200 South Biscayne Boulevard<br>Suite 4000<br>Miami, FL 33131-2398<br>Telephone:  +1.305.577.7000<br>Facsimile:   +1.305.577.7001<br>Email: adavis@ssd.com<br>Email: pmartinezfraga@ssd.com<br>Email: lstorie@ssd.com<br><br>Pierre H. Bergeron, Esquire<br>(admitted *pro hac vice*)<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>221 East Fourth Street, Suite 2900<br>Cincinnati, OH 45202-4095<br>Telephone: +1.513.361.1200<br>Facsimile:  +1.513.361.1201<br>Email: pbergeron@ssd.com<br><br>*Attorneys for Defendant*<br>*(via CM/ECF)* |